IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGUS, INC., | : |
| d/b/a PanAm International Market, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Docket No. 1:08-cv-00266 |
| | : |
| ED SCHAFER, Secretary of Agriculture, | : |
| | : |
| Defendant. | : |

## ANSWER OF THE UNITED STATES DEPARTMENT OF AGRICULTURE

The United States of Department of Agriculture, by and through its attorneys Jeffrey A. Taylor, United States Attorney for the District of Columbia, and Christian A. Natiello, Assistant United States Attorney, answers the complaint in this action as follows:

The unnumbered paragraph entitled "NATURE OF THE CASE" contains Plaintiff's characterization of its case and a summary of its argument. The first 2 sentences of the paragraph are admitted. The third sentence is admitted in part and denied in part; the modifiers "very small" and "mundane" are Plaintiff's attempt to minimize the violations that occurred at Plaintiff's store, and Defendant denies the implication of those modifiers. The last 3 sentences of the paragraph are denied.

1. Paragraph 1 contains the Plaintiff's statement of jurisdiction, to which no response is required.

2. Paragraph 2 contains the Plaintiff's statement of venue, to which no response is required.

    3. Admitted.

    4. Defendant lacks information sufficient to admit or deny the allegations of paragraph 4 and therefore denies them.

    5. Defendant lacks information sufficient to admit or deny the allegations of paragraph 4 and therefore denies them, except that Defendant is willing to admit that Edma Maldonado is the Vice President of PanAm International Market and is a co-owner with her husband.

    6. Admitted, except denied that Ed Schafer is the proper Defendant in this action.

    7. Admitted.

    8. Admitted.

    9. Admitted.

    10. Denied that the FNS Administrative Review Officer "did not give PanAm a hearing to present its defenses;" the Administrative Review Officer gave PanAm an opportunity to present its defenses, and PanAm did so. Further, no formal "hearing" was required. The balance of Paragraph 10 is admitted.

    11. Admitted.

    12. Admitted.

    13. Paragraph 13 is Plaintiff's description of a regulation, which can speak for itself. This paragraph is therefore denied.

    14. Paragraph 14 is Plaintiff's description of a regulation, which can speak for itself. This paragraph is therefore denied.

    15. Paragraph 15 is Plaintiff's description of a regulation, which can speak for itself. This paragraph is therefore denied.

16. Paragraph 16 is Plaintiff's description of a regulation, which can speak for itself. This paragraph is therefore denied.

17. Paragraph 17 is Plaintiff's description of a regulation, which can speak for itself. This paragraph is therefore denied.

18. Paragraph 18 is admitted in part and denied in part. Admitted that PanAm opened for business in November 2005, and that it is a full-service retail food store that offers an ample variety of staple food items. The balance of the paragraph is denied for lack of knowledge.

19. Paragraph 19 is denied for lack of knowledge.

20. Admitted that FNS has not previously charged PanAm with violations.

21. Paragraph 21 is admitted in part and denied in part. The first sentence is admitted. The balance of the paragraph is denied for lack of knowledge.

22. Paragraph 22 is denied for lack of knowledge.

23. Paragraph 23 is denied. On the contrary, FNS gave training to the officers and provided materials for training the cashiers. The second paragraph of the paragraph is denied for lack of knowledge.

24. Admitted.

25. The first sentence is denied. On the contrary, the investigation showed that the violations were committed by 3 different employees. The balance of the paragraph is further denied for lack of knowledge.

26. Admitted.

27. Paragraph 27 is denied for lack of knowledge.

28. Paragraph 28 is denied for lack of knowledge.

29. Paragraph 29 is admitted in part and denied in part. The first sentence is admitted. The balance of the paragraph is denied for lack of knowledge.

30. Denied.

31. Denied.

32. Paragraph 32 does not require a response.

33. Paragraph 33 does not require a response.

34. Paragraph 34 does not require a response. To the extent any response is deemed necessary, this paragraph is denied.

35. Paragraph 35 does not require a response. To the extent any response is deemed necessary, this paragraph is denied.

36. Paragraph 36 does not require a response. To the extent any response is deemed necessary, this paragraph is denied.

37. Paragraph 37 does not require a response. To the extent any response is deemed necessary, this paragraph is denied.

38. Paragraph 38 does not require a response. To the extent any response is deemed necessary, this paragraph is denied.

39. Paragraph 39 does not require a response. To the extent any response is deemed necessary, this paragraph is denied.

Respectfully,

   /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


   /s/
CHRISTIAN NATIELLO, D.C. Bar #473960
Assistant United States Attorney
555 4th St., N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338
christian.natiello@usdoj.gov

Dated: May 5, 2008