UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGUS, INC.,<br>d/b/a PanAm International Market<br>4801 Michigan Avenue, N.E.<br>Washington, D.C. 20018<br><br>    Plaintiff,<br><br>    v.<br><br>ED SCHAFER,<br>Secretary of Agriculture<br>14th and Independence Avenue, S.W.<br>Washington, D.C. 20530<br><br>    Defendant. | Civil Action No. 08-0266 (RBW) |

## STIPULATION OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, and through their respective undersigned counsel, that

1. The Complaint herein is hereby dismissed with prejudice, without costs, expenses or attorneys' fees to either side, pursuant to Fed. R. Civ. P. 41(a), except that the Court retains jurisdiction to enforce the terms of this Stipulation of Settlement.

2. Plaintiff agrees to pay defendant a non-refundable penalty of $4,644 in connection with the resolution of this action as more fully set forth below. This fine shall be paid by certified check or money order made payable to the United States Department of the Treasury, and shall be delivered, via FedEx, to the United States Attorney's Office, 555 4th Street, N.W., Room E4112, Washington, D.C. 20530.

       The full $4,644 shall be due thirty (30) days after this Stipulation of Settlement has been entered by order of the Court.

3. Pursuant to 7 U.S.C. § 2021, Plaintiff agrees to provide, within sixty (60) days of the execution of this Stipulation of Settlement, a bond or irrevocable letter of credit in the amount of $1,000 to the United States Department of Agriculture, Food and Nutrition Service (FNS) Towson Field Office. Said bond or letter of credit shall be delivered to: Sally Duncan, Officer in Charge, USDA-FNS, 515 E. Joppa Road, Room 208, Towson, MD 21286, and shall remain valid at all times during which Plaintiff is authorized to participate in the Food Stamp Program. Notwithstanding the previous sentence, if Plaintiff's retail food store is sold to a third party after Plaintiff has paid the total penalty in the amount to $4,644, as set forth in paragraph 2, above, Plaintiff shall no longer be required to provide the bond or letter of credit described in this paragraph.

4. If Plaintiff fails to pay the $4,644 penalty referenced in paragraph 2, when due or fails to provide the bond/ letter of credit described in paragraph 3, when due, Plaintiff shall be deemed in default of this Stipulation of Settlement and agree that: (a) Plaintiff will be immediately disqualified from the Food Stamp Program for the *remaining time of the disqualification penalty* commencing the day after the due date of said penalty or bond/ letter of credit, and (b) Plaintiff waives the right to administrative and judicial review of such disqualification.

5. Plaintiff further agrees to comply with all applicable laws and regulations of the Food Stamp Program; to fulfill its obligations as set forth in this

        Stipulation of Settlement. If a random inspection or analysis of Electronic Benefit Transfer (EBT) reveals any violation of the Food Stamp Act of 1977, as amended, 7 U.S.C. §§ 2011-29, committed by any principal, employee or agent of Plaintiff, Plaintiff agrees that in addition to any penalty for the newly-found violation: *Plaintiff will be disqualified from the Food Stamp Program for the remaining time of the original disqualification*. Plaintiff further understands and agrees that if the Plaintiff sells the firm while serving the disqualification penalty, the FSP regulations regarding a penalty thereof would apply and would be enforced.

6. Plaintiff further agrees to implement a compliance training program consistent with the regulations set forth in 7 C.F.R. § 278.6 (i)(2), a copy of which is attached hereto as Exhibit A. This compliance training program shall provide for, inter alia, the following:

    A. Use of written materials, such as FNS publications and FNS training video that are available to all authorized firms, and

    B. Establishment of a level of competence that assures ongoing compliance with Food Stamp Program requirements.

7. The Plaintiff understands and agrees that if the firm is an authorized vendor under the Special Supplemental Nutrition Program for Women, Infants, and Children (WIC), this agreement does not preclude WIC from taking further action to sanction the firm under the WIC regulations.

8. In consideration of the full performance by Plaintiff of all of its obligations under this Stipulation of Settlement, the FNS hereby modifies its decision, dated November 1, 2007, disqualifying Plaintiff from the Food Stamp

   Program for six months by assessing, in lieu thereof, the civil money penalty described in paragraph 2 above and the requirements and conditions set out in paragraphs 3 through 7 above. Defendant agrees that, subject to the terms of this Stipulation of Settlement, Plaintiff shall have the privilege of full participation in the Food Stamp Program.

9. The parties acknowledge, understand and agree that this Stipulation of Settlement sets forth the entire agreement between the parties relating to the subject matter addressed by the Stipulation of Settlement, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or the counsel that are not included in this Stipulation of Settlement shall be of any force or effect.

10. Plaintiff acknowledges and represents that in executing this Stipulation of Settlement, it does not and has not relied upon any representations or statements other than those contained in this Stipulation of Settlement, by defendant or its agents, officers, representatives or attorneys with regard to the subject matter, basis or effect of this Stipulation of Settlement.

11. This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties and their respective legal representatives, successors and assigns. By this Stipulation, Plaintiff waives, releases, discharges, and abandons any and all claims, whether asserted or un-asserted, against the Defendant and/or its agents, servants or employees, past or present, that arose as a result of the facts listed in Plaintiff's Complaint and based upon acts or events occurring up to the date this Stipulation is filed with the Court. Such waived, released, discharged, and

abandoned claims include, but are not limited to, the above-captioned litigation and any other claims arising out of the events involved in said litigation or claims arising from the claims in Plaintiff's Complaint, and based upon acts or events occurring up to the date this Stipulation is filed with the Court. This Stipulation shall also include all attorney's fees, expenses, and costs chargeable by one party to the other incurred in connection with any administrative filings and processes, the District Court litigation process, and any other proceedings involving the claims raised, or that could have been raised, in this action, except as otherwise specified above.

12. This Stipulation of Settlement may be entered by Order of the Court without any further notice to the parties.

By:

\_\_\_/s/_____
EDMA MALDONALDO
Angus, Inc. d/b/a PanAm International Market

By:

\_\_\_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

\_\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

\_\_\_/s/_____
CHRISTIAN A. NATIELLO, D.C. BAR # 473960
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Room E4112
Washington, D.C. 20530
(202) 307-0338

5

SO ORDERED this ____ day of _____, 2008.

_____
The Honorable Reggie B. Walton
United States District Court Judge

Case 1:08-cv-00266-RBW   Document 5   Filed 05/13/2008   Page 6 of 6

6